19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Larry L. CROOM, Claimant-Appellee,
v.
REAL PROPERTY AT 17925 HOLMES AVENUE, CERRITOS, CALIFORNIA, Defendant.
 
 No. 92-55574.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1993.
Decided March 16, 1994.
 Before: REINHARDT, T.G. NELSON, Circuit Judges, and KAUFMAN,* District Judge.
 MEMORANDUM**
 FACTS AND PROCEDURAL HISTORY
 The Government's complaint for forfeiture of the property in Cerritos, California, alleged that the property was purchased on February 12, 1991, by Larry Croom (Croom). The property was alleged to be a proceed or to have been purchased with the proceeds of exchanges of controlled substances.
 Prior to trial, the Government's trial strategy changed to proving Croom bought the property in December, 1988, using Orlando Gripper as a strawman. The Government did not amend its complaint to reflect this contention. This theory was made known to Croom in the Government's Memorandum of Contentions of Fact and Law filed November 12, 1991. The Government also relied on this theory in its "Opposition to Croom's Motion for Summary Judgment," filed November 22, 1991. This theory was also set out at length in the Government's trial brief filed December 4, 1991.
 Croom prepared a Motion in Limine, dated December 8, 1991, but apparently did not file it until the first day of trial. In that motion, he sought to exclude "all evidence of claims not at issue in the complaint in this matter" and further asked the court to deny any amendment of the complaint under Rule 15. The district court did not rule on the motion prior to trial.
 The parties submitted a proposed Pre-Trial Conference Order on November 22, 1991. The order was never signed by the district judge. The order said that the only pleadings raising issues were the Government's complaint and the claim and answer of Croom. The Government's statement of the issues to be decided was almost identical to that of Croom:
 (a) Whether plaintiff has shown probable cause to believe that the defendant real property was purchased [by Larry Croom] with proceeds of illegal narcotics transactions.
 (b) Whether Croom has sustained his burden of proving that: (i) the defendant property was not purchased [by Larry Croom] with proceeds of illegal narcotics activities; or if not (ii) claimant did not have knowledge and did not consent to the [his] purchasing of the defendant property with proceeds of illegal narcotics activities.
 (Bracketed portions were added in Croom's version.)
 At trial, all of the Government's proof related to the 1988 transaction. At the conclusion of the Government's case, the district judge indicated his intention to limit the court's consideration to the 1991 allegation in the complaint. The Government's motion to amend to conform to the proof was denied, and the court held the Government had not proved what it alleged concerning the 1991 transaction, but did say there was probable cause. The Government filed a motion to reconsider the denial of the motion to amend which was also denied. The Government appealed the denial of the motion to amend and the motion to reconsider.
 DISCUSSION
 The Motion to Amend
 The district court's denial of the motion to amend is reviewed for abuse of discretion. Thomas-Lazear v. FBI, 851 F.2d 1202, 1206 (9th Cir.1988). The denial is reviewed "strictly" in light of the strong policy permitting amendment. Id. Federal Rule of Civil Procedure 15(b) "reflects the liberal policy favoring amendments of pleadings at any time." Galindo v. Stoody Co., 793 F.2d 1502, 1512 (9th Cir.1986).
 Under Rule 15(b), the party opposing the amendment has the burden of showing that the amendment would be prejudicial to that party's defense. See Fed.R.Civ.P. 15(b). An amendment should be permitted if the record indicates that the parties understood that the evidence was aimed at the unpleaded issue. Galindo, 793 F.2d at 1513.
 In this case, the Government had made it clear to Croom that the thrust of its case was to show that Gripper had purchased the property in 1988 as Croom's strawman in its Memorandum of Contentions of Fact of Law filed November 12, 1991, and the trial brief filed December 4, 1991. In response to the trial court's inquiry about prejudice after the Government had moved to amend, Croom offered only two reasons supporting his claim of prejudice: (1) the Government had not proven its case even if the amendment were allowed, and (2) Croom had not been able to depose Gripper previously because the Government had not provided Gripper with counsel.
 The parties had gone to Seattle to depose Gripper several months before trial. He refused to testify and Croom successfully opposed the Government's attempt to compel Gripper's testimony. The failure to depose Gripper did not result from Croom's lack of opportunity or notice.
 In fact, Croom acknowledged in his brief in this court that he had evidence about the 1988 transaction, but chose not to put it on:
 Moreover, although (as the government acknowledges in its brief) claimant did have evidence (e.g., the videotapes of Orlando Gripper) and witnesses to rebut the government's evidence regarding the 1988 transaction, he deliberately chose not to present it, again in reliance on the state of the pleadings, which did not allege the 1988 transaction.
 (Appellee's Brief, p. 7-8)
 Croom thus fell far short of showing prejudice. Certainly he could not, and did not, argue that he did not have notice of the Government's contentions. Nor did he argue or show that a more formal notice of the Government's position would have changed his discovery efforts. In fact, he was prepared to rebut the Government's case, but chose to rely on the face of the pleadings, rather than contest the issue. We have noted where a party makes a strategic trial decision to rely solely on the pleadings and refuses to rebut evidence regarding unplead issues despite its ability to do so, no prejudice will be found. See Golden Grain Macaroni Co. v. Federal Trade Comm., 472 F.2d 882, 886-87 (9th Cir.1972) (petitioner not deprived of opportunity to present defenses where petitioner's trial strategy relied on the pleadings), cert. denied, 412 U.S. 918 (1973). In this setting, denial of the Government's motion to amend was an abuse of discretion.
 In view of our decision on the motion to amend, we need not discuss the denial of the Motion for Reconsideration.
 The order denying the motion to amend to conform to the proof is VACATED, and the case REMANDED to the district court with instructions to vacate the judgment, grant the motion to amend, and thereafter take such further action as it deems necessary to decide the case on the merits.
 VACATED AND REMANDED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 1
 I do not believe that the district court abused its discretion in denying the government leave to amend its complaint after trial. Prior to trial, the government acknowledged that it was aware that it could amend its complaint to include the 1988 transaction, but it knowingly and deliberately chose not to. Croom, the claimant, then filed a motion in limine to exclude all evidence of the 1988 transaction, because the complaint contained no allegations related to it. The district court took this motion under advisement. As the Second Circuit made clear in United States v. Certain Real Property, 945 F.2d 1252 (2d Cir.1991), the fact that this motion was filed prior to trial--and that the district court did not rule on it until after trial--left Croom in a judicially-created predicament. Had Croom attempted to rebut the government's proof of the 1988 transaction, he would have consented to the court's consideration of the issue. Yet if he did not present such proof, and the government successfully moved to amend the pleadings to conform to the evidence presented at trial, he would have forfeited any opportunity to present evidence on the issue.
 
 
 2
 The proper course would no doubt have been for the district court to rule on the motion in limine prior to trial, see id. at 1258. Where the district court does not rule on the motion before trial, however, amendment of the pleadings to conform to the evidence causes substantial prejudice. Thus, as the Second Circuit concluded in Certain Real Property, it might well have been an abuse of discretion for the district court to grant the motion to amend. Certainly, I cannot say that the district court here abused its discretion by denying the motion. Accordingly, I respectfully dissent.
 
 
 
 *
 Honorable Frank A. Kaufman, Senior United States District Judge for the District of Maryland, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3